Good morning, Mr. Pomelo. Yes, good morning as well, Your Honor. It may please this Honorable Court. Attorney Todd Pomelo, along with co-counsel Jeffrey Rubin and Kimberly Williams, here today on behalf of our client, Fabio De Silveira. Mr. De Silveira, like many other immigrants, came to this country for a better life. He came here in 1997 and has lived here nearly 22 years. He has two children, both daughters, U.S. citizens, both of whom suffer from medical issues. But beyond that, he's able to provide for them to go to private schools. He owns a used car dealership, which doesn't sell three-wheeled Chevys, that grows $10 to $20 a year in gross sales. He has 20 citizen and green card holder employees. There's a lot of stakeholders that rely on him, and he's lived a commendable life. He has a few arrests for cases that were dismissed. But the key point in this case is whether his time has ever stopped running. Pereira v. Sessions states unequivocally that a notice to appear to miss this crucial point, they keep referring to it as a defective instrument. It's not. It's putative. It is not like the three-wheeled Chevy. The Supreme Court states that unequivocally in rejecting the one dissenting Justice Alito's opinion. Justice Alito said it's like a three-wheeled Chevy, it's still a car. The hearing notice here would be the proverbial fourth wheel. You add the fourth wheel, you get your Chevy, you drive it off the lot. We know a hearing notice can't perfect or stop time in this circumstance, because this very court, just a few months ago in the Pontus case that was discussed earlier, this is, I'm quoting verbatim, to be sure there is some common sense discomfort in adopting the position that a single document labeled notice to appear, in quotes, must comply with a certain set of requirements for some purposes, like triggering the stop time rule, but with a different set of requirements for others, like vesting jurisdiction with the Immigration Court. So two judges that were on that panel are also on this panel, Judge Gallardo and Judge Sreya. So the Pontus, Gisela's Pontus case states unequivocally that a notice to appear is a single document requiring a date and time to trigger the stop time rule. And why do we know that's the case? Because Proverbial Secession states unequivocally that it's not like a three-wheeled Chevy, but more importantly, it's not akin to an unsigned notice of appeal. Without a date or time or a place, a notice to appear is stripped of its essential essence. It's putative. It is not a notice to appear at all. Now, Justice Kaye, I have a fellow Mainer. I'm from Lewiston. You'd probably appreciate this. Imagine you go into DeMillo's Floating Restaurant and you order a cup of clam chowder that they're renowned for back in the day. And they give it to you and you start eating it. It's missing the potatoes. It's missing the clams. Tell the waiter, where's my chowder? This isn't chowder. I'm from Maine. I know better than this. They bring you out a side of potatoes and clams and they just say, here you go. I've just protected your chowder. That's ridiculous. You would expect the chef to cook you a proper meal and serve you the chowder or get a pizza. It's missing the sauce. It's missing the pepperoni. They don't bring you a side of sauce and a side of pepperoni and say, here you go. Here's your pizza. Because just like the notice to appear, that chowder would be stripped of its essential essence. It doesn't have the clams. The ingredients aren't coagulating and forming the cohesive whole that makes a clam chowder. And any New Englander would laugh anyone out of here if they tried to do that. But frankly, it's done in some parts of the country. They do bring you the potatoes and the clams on the side and throw it in there. And we all know that that's not clam chowder. Just like we know that an NTA lacking paid time is not an NTA at all and therefore the stop time rule is not triggered. Well, what do you do if we've got a statute that refers not to a meal but to, quote unquote, written notice? Which Ben and Karen says defined as a notice to appear. Right. The paper itself has about three dozen references to a notice to appear or the written notice in the singular. A notice to appear, a written notice, a notice to appear, a notice to appear, that notice. Let's agree there is a singular notice to appear. That still doesn't tell us whether that singular item can be delivered in two parts. I think the example the Sixth Circuit uses is not a meal but a book. You tell your publisher, I'll get you the book by June 1st in May you send the first half and the end of May you send the second half of the book. You then send the book. It's not a book. That's a rough draft. Submit it a rough draft. I filed a brief on this court with an introduction. So call it a draft. It is a draft. Even though it's in two parts, it's a draft of the book. Right. But according to this court held that a single document labeled notice to appear must comply with certain set of requirements. Single document. How do we know it's a single document? Look at the regulatory scheme in 1996 after I.R.I.R. was adopted. The INS knew at the time that the regulatory scheme required a single form of notice. It says in the regulation there shall be a single form of notice. So I have your brief. This is I-862. I have your brief right here. I gave you the first 20 pages and then 10 minutes later gave you the rest of it. Have I now given you a single document? I.E. your brief. I think you have given me a single document, but again, the Supreme Court. So why can't the notice be the same way? I give you the first, not 20 pages, but two, and then I give you the third page. Because the Supreme Court has stated unequivocally it cannot be the case because otherwise it would be a three-wheel Chevy. You could perfect it with the hearing notice. That would be the fourth wheel. That whole analogy would make no sense at all. I understand the Sixth Circuit tries to use that analogy to say the Supreme Court is allowing people to have a fourth wheel. They say it's not like a three-wheel Chevy. It's stripped of its essential character. It's not a notice to appear. It's a putative document. There's language in there talking about why the Supreme Court is, it's unfathomable for the Supreme Court why DHS can't actually serve a notice to appear with a date and time on it because they used to. Pereira talks about 1229A, notice to appear, is a document given to non-citizens who appear for removal proceedings. It'll say non-citizens who appear for removal proceedings who are only seeking cancellation of removal. The Supreme Court says including as a trigger for the stop time rule. So despite the claims that it's only a narrow holding, it's a broad construction of the statutory scheme. And the statutory scheme under 1229A requires a notice to appear to include a time or place. Here Mr. DeSilvera's notice did not include that information. By the time he had his removal proceeding, his individual hearing was in May of 2018, one month before the Pereira case was decided. And at that time he was here nearly 20 continuous years. Again, he has qualifying relatives that qualify him to seek cancellation of removal of certain non-permanent residents. He has a lot of equities, a lot of hardships. And he was never even given the opportunity to seek cancellation of removal because of a distortion by the Mendoza-Hernandez case. Mendoza-Hernandez is a 9-6 vote by the BIA that is entitled to no deference at all by this Court. The BIA doesn't tell this Court what the U.S. Supreme Court mandates decisions. That's what this Court's role is. I think that is encroaching on the role of an Article III court for an agency to claim what the U.S. Supreme Court meant in Pereira v. Sessions. Pereira is an 8-1 decision that was languished throughout the case about how a document labeled as a notice to appear, captioned as a notice to appear, styled as a notice to appear, again a putative document. And from its inception in this case, Mr. DeSilvera was never given the time or the place, critical information as required by the Pereira v. Sessions case. He should be afforded the opportunity to seek cancellation of removal. And again, the Pontus case, I think, does stand for the same proposition. Common sense, discomfort, and adopting the position that a single document labeled notice to appear requires that information. That's our position, and I would respectfully suggest that should be the position of this Court as well, that our client's petition for review should be granted, and he should be afforded the opportunity to apply for cancellation of removal, which was erroneously denied that opportunity by the BIA. Thank you. You're welcome. Thank you. Good morning, Mr. Mack. Good morning, Your Honors, and may it please the Court, Greg Mack for the Attorney General. Fundamentals to the administration of justice are the principles of notice and opportunity to be heard. Petitioner received the notice in this case. Specifically, he received the document that completed the triggering of the stop-time rule in this case. Did that notice have all the information required by Pereira? It was a notice of hearing. No, please answer my question. No, it did not, because it was not a notice to appear. And what did the Supreme Court say in Pereira about that kind of a notice? It said about that kind of a notice, it cannot stop time in that particular case, because it lacked the specific information of the time and date of the hearing. That's not this particular case. No? I'm sorry? I said no. It was a rhetorical no. How is it different? It's different in this sense, Your Honor. The Supreme Court in Pereira had no occasion to answer the question in this particular case. This is the second shoe out of two shoes in the Pereira case. In the Pereira case, the court had no occasion to consider whether a notice of hearing could complete a defective notice to appear to effectuate the stop-time rule. So Pereira doesn't cover the waterfront with respect to the notice to appear. We know that from this Court's decision in Goncalves-Pontes. So this issue is not before us. Well, it's slightly different from Gonzalez in this case. Oh, absolutely. But the Supreme Court had no occasion to consider the issue in this case, whether a notice of hearing could complete a defective NTA to stop the time for the petitioner to approve towards cancellation of removal. So when it said, a notice that does not inform a noncitizen when and where to appear for removal proceeding is